Allen Clark **WOODDELL**, as Administrator of the Estate of Eugene Drost a/k/a Eugene J. Drost, Deceased, and as Trustee for Marjorie Drost, Widow of Eugene Drost and as Guardian of Marty Ann Drost, dependent and minor child of the Deceased, Eugene Drost

v.

**AMSTED INDUSTRIES, INC.**, et al.

v.

**WASHINGTON STEEL CORPORATION**, a corporation, Allen Clark Wooddell, Appellant.

No. 71-1743.

United States Court of Appeals, Third Circuit.

Argued June 16, 1972.

Decided July 6, 1972.

**6**

Robert M. Stefanon, Greensburg, Pa., James R. Kelley, Greensburg, Pa., for appellant.

D. H. Trushel, Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for appellee Amsted Industries.

Charles J. Duffy, Jr., Lancaster, Mentzer, Coyne & Duffy, Pittsburgh, Pa., for American Shipbuilding.

Before STALEY, VAN DUSEN, and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Eugene Drost was killed during the course of his employment at Washington Steel Corporation when a riser assembly [1] fell on him while the casting of a stainless steel slab was being completed. The administrator of Drost's estate filed suit in the district court against the defendants,[2] who in turn joined Drost's employer as a third-party defendant. After trial, the jury returned a verdict for defendants,[3] finding specifically no negligence and no violation of the doctrine of strict liability. The administrator of the estate has appealed, asking this Court to grant a new trial based on claimed errors committed by the trial judge in his evidentiary rulings and in his charge to the jury.

The administrator contends that he was prejudiced by the district court's refusal to admit into evidence, *inter alia,* one of eight proffered depositions, a schedule of royalty payments, and certain production records of Washington Steel. The lower court found that the deposition in question added nothing to the seven already before the jury, and that it was, therefore, merely cumulative. The deposition dealt generally with background information concerning the casting method employed by Washington Steel—data covered adequately elsewhere in the estate's presentation—and it was within the district court's discretion to refuse to admit the deposition into evidence.

Because they were not probative on the issues presented in the case, the district court similarly refused to admit the schedule of royalty payments and the production records of Washington Steel. The jury was instructed, however, that Washington Steel was a licensee of a patent owned by one of the defendants, and that royalties were paid pursuant to the license agreement. The estate, therefore, can have no valid complaint that it was not permitted to put the exact dollar amount of the royalty payments and the production levels before the jury.

The administrator next assails the court's instructions principally on the ground that the charge failed to apprise the jury properly on the issue of superseding cause. A review of the charge as a whole demonstrates that the

---

1.  After molten stainless steel has been cast it contracts as it cools. The riser assembly is used to put additional steel into the cast in order to fill the gaps left by the contraction of the cooling metal.

2.  Prior to the accident, Washington Steel entered into a licensing agreement with Amsted Industries to use a "bottom pressure casting process" originally patented by Griffin Wheel, a subsidiary of Amsted, which by the time of trial had become an operating division of the parent company. Washington Steel then contracted with American Ship Building Company the manufacture of the equipment necessary to utilize the process. The suit against these defendants was based on the theory that the defective nature of the equipment caused Drost's death.

3.  There was substantial evidence to indicate that Washington Steel, on its own, changed the design and method of the casting so significantly that the jury could have found that any responsibility for the accident was Washington Steel's.

questions of fact were fairly presented to the jury and no error was committed by the trial court in this regard.

We have considered the other contentions advanced by the administrator and find them to be without merit.

Accordingly, the judgment of the district court will be affirmed.